UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | Hon. Faith S. Hochberg |
| v. : | Criminal No. 06-406 |
| FREDERICK S. SCHIFF and : | <u>O R D E R</u> |
| RICHARD J. LANE : | |

   This matter having been opened to the Court on the joint application of defendant Frederick S. Schiff (David M. Zornow, Esq., appearing), defendant Richard J. Lane (Richard M. Strassberg, Esq., appearing) and the United States by Paul J. Fishman, United States Attorney for the District of New Jersey (Mark E. Coyne, and Robert G. Marasco, Assistant U.S. Attorneys, appearing) for an order excluding time under the Speedy Trial Act; the defendants being aware that they have a right to be tried within seventy days of their first appearance in this district in connection with this matter, pursuant to 18 U.S.C. § 3161(c)(1); the Court having found that an order granting a continuance of the proceedings in the above-captioned matter should be entered; and for good and sufficient cause shown,

   IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

   1. The charges in this case are the result of a lengthy investigation and involve allegations of securities fraud.

2. The Court previously declared this matter to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(ii), by order signed June 2, 2006.

3. Defendant Frederick S. Schiff and defendant Richard J. Lane have each entered into a deferred prosecution agreement with the United States for a period of twelve (12) months, effective June 21, 2010.

4. A continuance is warranted pursuant to Title 18, United States Code, Section 3161(h)(2), which provides for the exclusion of time resulting from "[a]ny period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct."

5. The parties consent to this continuance.

6. Pursuant to Title 18, United States Code, Section 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial.

In light of these findings, and given the nature and complexity of this case and the deferred prosecution agreements in effect,

IT IS, on this 29th day of June 2010,

**ORDERED** that the period from and including June 21, 2010, through and including June 21, 2011, shall be excluded for the purposes of computing time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(2) and (h)(7)(A).

                                                HON. FAITH S. HOCHBERG
                                                United States District Judge

UNITED STATES ATTORNEY
DISTRICT OF NEW JERSEY

DEFERRED PROSECUTION

TO: RICHARD J. LANE                                District Court
                                                   Docket No. 06-CR-406 (FSH)

      1.      On June 14, 2005, a two-count Indictment was filed in the District of New Jersey, Docket No. 05-474 (FSH) ("Indictment 1"), charging you and another with: (i) conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371; and (ii) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2. As a result of grand juror misconduct, the Government's motion to dismiss Indictment 1 was granted on May 24, 2006. Thereafter, a different grand jury in the District of New Jersey returned an identical Indictment, Docket No. 06-406 (FSH) ("Indictment 2"), charging you and another with the same offenses. On April 12, 2007, a two-count Superseding Indictment ("Superseding Indictment") was filed, charging you and another with the same statutory violations based upon different allegations (the "Offenses").

      2.      Since June 15, 2005, you have been on pretrial release and under the supervision of a U.S. Pretrial Services Officer. Moreover, your release has been conditioned on your compliance with various conditions of release, which remain in full force and effect (the "Conditions of Release").

      3.      You represent that since June 15, 2005, you have not been employed by any public company.

      4.      After a ruling on various legal issues by the United States Court of Appeals for the Third Circuit, and a consideration of the ruling's effect on this case, it has been determined that the interest of the United States, your own interest, and the interest of justice will best be served by deferring prosecution in this District.

      5.      Prosecution will thus be deferred during the term of your good behavior and satisfactory compliance with the terms, conditions, and special conditions of this agreement for the period of twelve (12) months from the signing of this agreement. The terms and conditions constituting your continued good behavior and satisfactory compliance are as follows:

            a.      You shall continue to comply with all the Conditions of Release.

            b.      These Conditions of Release can be modified only upon agreement by you and the United States Attorney, and approved by your U.S. Pretrial Services officer.

6. In addition, the following Special Conditions shall apply:

    a. You shall not serve or act as a Chief Executive Officer ("CEO"), Chief Financial Officer ("CFO") or any other officer of a public company required by law to sign a Sarbanes-Oxley certification, for a period of two (2) years from the signing of this agreement.

    b. Within thirty (30) days of the signing of this agreement, you shall make a payment in the amount of $175,000, to the Department of Justice Bristol - Myers - Squibb Settlement Fund or such other settlement fund as the United States Attorney directs.

7. If you violate any of the terms of this agreement, the United States Attorney may proceed with your prosecution for the Offenses. If you have complied with all the terms, conditions, and special conditions of this agreement for the period of twelve (12) months from the signing of this agreement, the United States Attorney shall move to dismiss Indictment 2 and the Superseding Indictment as to you without prejudice. Upon your compliance with the Special Condition set forth in ¶ 6(a) above, the United States shall move to amend the dismissal as to you to a dismissal with prejudice.

Dated: Newark, New Jersey
       June 21, 2010

PAUL J. FISHMAN
United States Attorney

By: _____
Mark E. Coyne
Assistant United States Attorney

By: _____
Robert G. Marasco
Assistant United States Attorney

Approved:

_____
John M. Fietkiewicz
Senior Litigation Counsel

2

The undersigned defendant hereby consents to the foregoing and waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161(h)(2) and the Rules of the District Court of the District of New Jersey, or other pertinent provisions, and consents to the adjournment of all pending proceedings in this case. The undersigned defendant further waives any defenses based on the applicable statute of limitations with respect to the Offenses. This provision is intended to toll the applicable statute of limitations during the pendency of the deferred prosecution.

The undersigned defendant further agrees that if he does not comply with the Special Condition set forth in ¶ 6(a) above during the period in which Indictment 2 and the Superseding Indictment is dismissed without prejudice, the United States Attorney may reinstate by Information the charges contained in the Superseding Indictment. Should that occur, the undersigned defendant waives: (1) any defenses based on the applicable statute of limitations as to the Offenses; (2) his right to be charged by indictment; and (3) his right to a speedy trial as set forth above.

Moreover, the undersigned defendant, having reviewed this condition and discussed it with his counsel, knowingly and voluntarily agrees that he will not contend that he is a "prevailing party" within the meaning of the Hyde Amendment, Section 617, PL 105-119 (Nov. 26, 1997), he will not file a claim under that law, and he will not bring any action against the Government (or any of its current or former employees) based on any claims arising from or concerning the investigation and prosecution of the offenses charged in Indictment 1, Indictment 2, and/or the Superseding Indictment. It is the intent of the parties to resolve this case without any further litigation.

Dated: Newark, New Jersey
June 21, 2010

_____
Attorney for Defendant
Richard M. Strassberg, Esq.

_____
Defendant
Richard J. Lane

3

The foregoing waiver of the defendant's right to a speedy trial is approved pursuant to Appendix J (Plan for Prompt Disposition of Criminal Cases) of the Local Rules of the District Court for the District of New Jersey.

Dated: Newark, New Jersey
June 24, 2010

_____
HONORABLE FAITH S. HOCHBERG
UNITED STATES DISTRICT JUDGE